IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| MORNINGSIDE CHURCH, INC., ) | | |
| MORNINGSIDE CHURCH ) | | |
| PRODUCTIONS, INC., and JIM BAKKER, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| vs. ) | Case No. 3:20-cv-05050-MDH | |
| ) | | |
| LESLIE RUTLEDGE, ) | | |
| Attorney General for the State of Arkansas, ) | | |
| KIMBERLY R. H. LEWIS, District Attorney ) | | |
| for the County of Merced, California, ) | | |
| TORI VERBER SALAZAR, District Attorney ) | | |
| for the County of San Joaquin, California, ) | | |
| MIKE FEUER, City Attorney for the City of ) | | |
| Los Angeles, California, ) | | |
| ) | | |
| Defendants. ) | | |

## ORDER

Before the Court are Defendants Tori Salazar, Leslie Rutledge, Mike Feuer and Kimberly Lewis's Motions to Dismiss. (Docs. 21, 27, 44 and 47). Plaintiffs have brought their claims against Mike Feuer, in his official capacity as the Los Angeles City Attorney, Kimberly R. H. Lewis, in her official capacity as the District Attorney for the County of Merced, California, and Tori Verber Salazar, in her official capacity as the District Attorney for the County of San Joaquin, California (the "California Defendants") and Leslie Rutledge in her official capacity as Attorney General for the State of Arkansas.[1] Each Defendant has filed a motion to dismiss Plaintiffs' claims for lack of jurisdiction. The motions are ripe for review.

---

[1] "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). The Court refers to the individual defendants by name rather than by government entity for

1

## GENERAL BACKGROUND

Plaintiffs' Complaint seeks prospective declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 arising from Defendants' alleged violations of Plaintiffs' rights under the Establishment, Free Exercise, Free Speech, and Free Press Clauses of the First Amendment, and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Defendants in this case are elected and/or appointed governmental officials empowered by their respective jurisdictions with responsibility of enforcing consumer protection laws. Plaintiffs are a not-for-profit corporation, which describes itself as a church, a for-profit corporation, wholly owned by the church, and an individual employed as a "minister" by both. Plaintiffs contend that informational inquiries and document requests from Defendants investigating constituent complaints of possible consumer fraud, as well as any action that may be taken in follow up to those informational requests, infringe upon their right of religious freedom and other rights under the First Amendment of the Constitution.

According to the Complaint, Morningside Church is a Missouri not-for-profit corporation with its headquarters located in Blue Eye, Stone County, Missouri. Morningside Church Productions is a Missouri corporation wholly owned by Morningside Church, with its headquarters located in Blue Eye, Stone County, Missouri. Bakker is an employee of Morningside Church and Morningside Church Productions and is a citizen of the State of Missouri and a resident of Blue Eye, Stone County, Missouri. Defendant Rutledge is the current Attorney General for the State of Arkansas and is named as a defendant in her official capacity only. Defendant Lewis is the current District Attorney for Merced County, California and is named as a defendant in her official

---

convenience while recognizing Plaintiffs' claims are brought against the state, county and cities identified.

capacity only. Defendant Salazar is the current District Attorney for San Joaquin County, California and is named as a defendant in her official capacity only. Defendant Feuer is the current City Attorney for the City of Los Angeles, California and is named as a defendant in his official capacity only.

Plaintiffs' allege this Court has venue and jurisdiction because:

a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, in Stone County, Missouri, including, inter alia, the subpoena and investigative demands at issue (a) relate to the purported conduct of Plaintiffs in Stone County, Missouri, (b) were served or delivered to one or more Plaintiffs in Stone County, Missouri, (c) purport to compel conduct of Plaintiffs in Stone County, Missouri, and (d) seek documents, writings, communications, and electronically stored information and data that are situated in Stone County, Missouri.

Defendants deny this court has jurisdiction and move to dismiss the claims contained in Plaintiffs' Complaint.[2]

## STANDARD OF REVIEW

Plaintiffs have the burden of proof to show that personal jurisdiction exists over Defendants. *See Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co.*, 646 F.3d 589, 592 (8th Cir. 2011); and *Fastpath, Inc. v. Arbela Tech. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) ("When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists."). To survive a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), Plaintiffs must make a prima facie showing of personal jurisdiction "by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011). Plaintiffs must make a prima facie showing that (1) Missouri's long-arm statute

---

[2] The Court previously denied Plaintiffs' Motion for TRO. (Doc. 50).

extends to Defendants' alleged conduct, and (2) Defendants have "minimum contacts" with Missouri "such that the Court's exercise of jurisdiction would be fair and in accordance with due process." *Soo Line R. Co. v. Hawker Siddeley Canada, Inc*., 950 F.2d 526, 528 (8th Cir. 1991).

There are five factors to consider in determining whether minimum contacts exist: 1) the nature and quality of Defendant's contacts with Missouri; 2) the quantity of such contacts; 3) the relationship of the cause of action to the contacts; 4) the interest of Missouri in providing a forum; and 5) the relative convenience to the parties. *Dairy Farmers of America, Inc. v. Bassett & Walker International, Inc*., 702 F.3d 472, 477 (8th Cir. 2012)(internal quotations omitted). However, the "fundamental inquiry is whether the Defendant has purposefully availed itself of the benefits and protections of the forum state to such a degree that it should reasonably anticipate being haled into court there." *Viasystems, Inc.,* 646 F.3d at 594.

## DISCUSSION

**1. Defendant Rutledge's Motion to Dismiss (Doc. 27).**

Defendant Leslie Rutledge, in her official capacity as the Attorney General for the State of Arkansas, has moved to dismiss Plaintiffs' claims for lack of jurisdiction. The claims against Rutledge stem from the following facts: On or about March 22, 2020, the Office of the Arkansas Attorney General received several telephone inquiries from consumers in Northwest Arkansas about Jim Bakker's sale of colloidal silver for the treatment and prevention of novel coronavirus 2019 ("COVID-19") via The Jim Bakker Show. On March 6, 2020, the Federal Trade Commission ("FTC") and Food and Drug Administration ("FDA") sent a warning latter to Jim Bakker regarding the "unapproved and misbranded products related to the Coronavirus Disease 2019." As a result, the Attorney General's Office opened an investigation and on March 24, 2020 issued a Civil Investigative Demand ("CID") to Bakker to gather facts and circumstances concerning the sales

made to Arkansas consumers of colloidal silver to treat and prevent COVID-19. An identical CID was sent to Morningside. The CID requested information and corresponding documents regarding Morningside and Bakker's social media accounts, sales of colloidal silver products to Arkansas consumers, other related law enforcement investigations, and lost, deleted, or destroyed evidence.

On May 14, 2020, Consumer Protection Division ("CPD") agreed to limit the scope of the CIDs and not require, at that time, the names and contact information of the Arkansas consumers who had purchased the colloid silver as long as CPD received the dates of transactions and transaction amounts. On May 15, 2020, Morningside and Bakker responded to the CID, with numerous objections and incomplete answers. On May 27, 2020, CPD sent a letter to Morningside and Bakker's attorneys requesting additional information. The letter stated, in part:

> This letter is a good faith attempt to resolve the deficiency of the submitted response without Court intervention. Please provide the full responses of Morningside and Pastor Bakker, including all questions answered and requested documents provided, to the State's CIDs by June 12, 2020. If the responses are not fully received by June 12, 2020, the State will have no choice but to file a petition requesting a court order requiring Morningside and Pastor Bakker to fully answer the CIDs and an injunction against Morningside and Pastor Bakker from conducting business in Arkansas.

Morningside and Bakker filed this lawsuit on June 5, 2020.

Defendant Rutledge is authorized to protect the State of Arkansas and the general public as consumers from illegal, fraudulent, or deceptive practices as set forth in the Arkansas Deceptive Trade Practices Act ("ADTPA"). See Ark. Code Ann. §§ 4-88-101, et al. The ADTPA provides CPD with authority:

> (1) To conduct investigations, research, studies, and analyses of matters, to issue reports, and take appropriate action affecting the interests of consumers;
> (2) To investigate violations of laws enacted and rules and regulations promulgated for the purpose of consumer protection, and to study the operation of such laws, rules, and regulations and to recommend to the General Assembly needed changes in law in the consumer's interest; and,

> (3) To enforce the provisions of the ADTPA and to perform such other functions as may be incidental to the powers and duties set forth in the ADTPA.

Ark. Code Ann. § 4-88-105(d).

Rutledge argues Plaintiffs do not have personal jurisdiction because the two letters sent to Plaintiffs in Missouri do not amount to sufficient "minimum contacts" with Missouri to invoke personal jurisdiction. Rutledge's office contacted Plaintiffs after receiving telephone inquiries from consumers in Northwest Arkansas about Bakker's sale of a product alleged to treat and/or prevent COVID-19. Pursuant to Rutledge's authority to protect the citizens of the State of Arkansas, her office contacted Plaintiffs via mail communications regarding their investigation. The only contact with Plaintiffs in Missouri were the letters communicating their desire for information to assist in their investigation. The Court finds the contact between Rutledge and Plaintiffs, the CIDs sent by Rutledge in her official capacity and pursuant to her investigative authority, do not satisfy the minimum contacts required for personal jurisdiction in this case. Here, Rutledge's investigation did not purposefully avail her to the benefits and protections of the forum state to such a degree that her office should reasonably anticipate being haled into court here based on their actions.

In the alternative, Rutledge argues the Court should abstain from exercising jurisdiction. "A suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed" *BASF Corp. v. Symington*, 50 F.3d 555, 558 (8th Cir. 1995) (quoting *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 10 F.3d 425, 431 (7th Cir.1993)). Plaintiffs argue they were the first to file suit and therefore the Court should not abstain and should retain jurisdiction.

The Court agrees that the facts here are similar to those in *Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417 (8th Cir. 1999). In *Anheuser Busch, Inc.,* the Eighth Circuit acknowledged and affirmed the district court's finding

> … two red flags that indicate the presence of compelling circumstances. First, the district court noted that Anheuser was on notice that Supreme was going to file suit. Supreme's letter to Anheuser gave Anheuser five days to respond to avoid a law suit. Instead of responding to the letter, Anheuser filed the Missouri action. Second, the district court noted that Anheuser's action was for a declaratory judgment. In addition to finding both red flags, the district court found the presence of other Northwest factors. Less than two weeks passed from the time Supreme sent its cease and desist letter to Anheuser to the time Supreme filed the Florida action. This short period of time suggests that Anheuser raced to the courthouse to usurp Supreme's forum choice.

*Id.* at 419.

Here, while Plaintiffs may have filed the instant lawsuit "first" they were on notice of the investigation opened in Arkansas, as well as other pending investigations against it from other state and federal authorities. However, instead of responding to the CIDs by June 12, 2020, Plaintiffs filed this declaratory judgment action. Plaintiffs' Complaint was filed nine days after receiving notice of CPD's intent to seek court intervention to assist in its investigation. The Court finds abstention would be appropriate based on these facts if personal jurisdiction were found to exist. However, the Court finds Plaintiffs cannot establish the minimum contacts required to invoke personal jurisdiction over Defendant.

For the reasons set forth herein, the Court grants Rutledge's Motion to Dismiss for lack of personal jurisdiction.

**2. Defendant Lewis's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 47).**

Defendant Kimberly R. H. Lewis is sued in her official capacity as the District Attorney for the County of Merced, California. Lewis moves to dismiss this case arguing she has not purposefully directed any conduct at the State of Missouri and has done nothing to purposefully

7

avail herself of the benefits and protections of the State. Lewis contends her "contacts" with the State of Missouri are limited to an investigatory subpoena that was served on Plaintiffs' registered agent in California (not Missouri) and a single phone call between counsel for Plaintiffs and the California Defendants to discuss that subpoena.

Lewis argues Plaintiffs' claims are based on the lawful investigative efforts of Lewis and the other Defendants, all taken in their official capacities as law-enforcement officials. Lewis relies on cases finding that allegations related to out-of-state investigative efforts, similar to the case here, which are focused on Plaintiffs' potential violations of other states' laws affecting consumers in those other states, are insufficient as a matter of law to justify specific personal jurisdiction. *Citing e.g., Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 483-490 (5th Cir. 2008); *Berry College, Inc. v. Rhoda*, No. 4:13-CV-0115-HLM,2013 WL 12109374, at *8-13 (N.D. Ga. June 12, 2013).

Plaintiffs' Complaint alleges two primary actions taken by Lewis and her office. First, Plaintiffs point to an investigative subpoena issued by Lewis's office to MCP and Bakker. However, the investigative subpoena at issue was served on Plaintiffs' registered agents in California. Second, Plaintiffs reference the phone call between Plaintiffs' counsel and Defendants Lewis, Salazar and Feuer regarding the subpoena. Plaintiffs argue even though the subpoena was issued in California its "effects or consequences" are felt in Missouri by the Missouri Plaintiffs.

Here, the Court finds that Lewis's actions taken with regard to the investigation of Plaintiffs' activities that affected California residents, specifically issuing a subpoena that was served in California and participating in a phone call with Plaintiffs' counsel who was in Missouri, do not meet the elements to exercise personal jurisdiction in this Court. Here, Lewis had no contact with Plaintiffs in Missouri other than a single telephone call with their attorney regarding an out

8

of state subpoena and investigation being conducted in California and regarding possible violations of California laws protecting California residents. Here, the Court finds Lewis did not avail herself to this Court's jurisdiction and for the reasons set forth herein, grants Lewis's Motion to Dismiss for lack of personal jurisdiction.

### 3. Defendant Feuer's Motion To Dismiss for Lack of Personal Jurisdiction (Doc. 44).

Defendant Mike Feuer is sued in his official capacity as the Los Angeles City Attorney. Feuer sent a letter to the Jim Bakker Show in Blue Eye Missouri, dated March 11, 2020 concerning claims made by Plaintiffs regarding the Silver Solution product. Feuer sent this letter pursuant to authorization under California state law to request an advertiser to substantiate claims that "purport to be based on factual, objective, or clinical evidence" in order to protect its residents from untrue or misleading claims.

Specifically, Feuer sent a letter to Bakker requesting that he provide evidence of three specific objective, factual, and/or clinical claims about Silver Solution that had been broadcasted to a Los Angeles audience on Bakker's show: (1) ". . . Silver [Solution] . . . is patented, it works, we have tested it, it works on just about everything."; (2) Silver Solution has been "[t]ested on other strains of the coronavirus, and has been able to eliminate it within 12 hours. Totally eliminate[s] it, kills it, deactivates it."; and (3) "Silver Solution has been proven … to kill every pathogen it has ever been tested on … and it can kill any of these known viruses …". The letter was sent via email and overnight delivery from Los Angeles to Plaintiffs' addresses in both Missouri and Utah.

Again, as discussed herein, counsel for Plaintiffs participated in a call with several Defendants, including Feuer, in which the scope of the subpoena issued by defendant Lewis was discussed. After that call Plaintiffs initiated this suit.

Feuer argues that Plaintiffs cannot show that general personal jurisdiction exists. First, Feuer argues the City of Los Angeles is not located in Missouri, has no offices or other presence in Missouri, and in no way can be said to be "at home" in Missouri. Feuer further argues Plaintiffs cannot show specific personal jurisdiction exists because Plaintiffs failed to demonstrate that the long-arm statute applies and because they cannot show the requisite minimum contacts to satisfy due process.

Consistent with the other Defendants, the Court finds Feuer's contacts with the State of Missouri – sending a letter and participating in a phone call – are insufficient to establish personal jurisdiction. See *Eagle Tech. v. Expander Ams., Inc.*, 783 F.3d 1131, 1137 (8th Cir. 2015) (stating "telephone calls, written communications, and even wire-transfers to and from a forum state do not create sufficient contacts to comport with due process such that a foreign corporation could 'reasonably anticipate being haled into court there.'"); citing *Viasystems, Inc.*, 646 F.3d 589, 594 (8th Cir. 2011).

For the reasons stated herein, Defendant Feuer's Motion to Dismiss for Lack of Personal Jurisdiction is granted.

### 4. Defendant Salazar's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 21).

Finally, Defendant Tori Verber Salazar is sued in her official capacity as the District Attorney for the County of San Joaquin, California and moves to dismiss Plaintiffs' Complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

In Plaintiffs' Complaint, Plaintiffs fail to allege specific actions taken by Salazar. Salazar did not issue a subpoena or letter to Plaintiffs. Rather, Salazar's involvement with regard to the investigation being conducted by the other California Defendants is her participation in a single phone call between counsel for Plaintiffs and defendants Lewis and Feuer regarding the subpoena

10

Case 3:20-cv-05050-MDH   Document 54   Filed 08/27/20   Page 10 of 11

that was issued by Lewis. Salazar argues her participation in a single phone call is insufficient to establish personal jurisdiction. *Citing Porter v. Berall,* 293 F.3d 1073, 1076 (8th Cir. 2002). Plaintiffs' allegations claim Salazar acted in concert with the other Defendants and that this establishes jurisdiction over their claims.

The Court finds for all the reasons stated herein Plaintiffs have not established personal jurisdiction over Salazar and her motion is granted.

## CONCLUSION

Wherefore, for the reasons stated herein, the Court **GRANTS** Defendant Salazar's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 21); Defendant Rutledge's Motion to Dismiss (Doc. 27); Defendant Feuer's Motion To Dismiss for Lack of Personal Jurisdiction (Doc. 44); and Defendant Lewis's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 47).

**IT IS SO ORDERED**.

Dated: August 27, 2020                           */s/ Douglas Harpool*
                                                 **DOUGLAS HARPOOL**
                                                 **UNITED STATES DISTRICT JUDGE**